NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000449
18-MAY-2018
09:23 AM

NO. CAAP-17-0000449

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MICHAEL W. OVERBY, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CASE NO. 3DCW-16-0002640)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Michael W. Overby (Overby) appeals from the Judgment and Notice of Entry of Judgment, entered on May 3, 2017, in the District Court of the Third Circuit, North and South Hilo Division.[1]

Overby was convicted of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(b)(f) (2014).

On appeal, Overby contends the District Court erred by failing to conduct the so-called "ultimate colloquy" required by Tachibana v. State, 79 Hawaiʻi 226, 900 P.2d 1293 (1995), thereby violating his constitutional right to testify.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Overby's point of error as follows:

Overby contends that the District Court plainly erred by failing to conduct the Tachibana colloquy and the error was not harmless. The State concedes the District Court did not

---

[1] The Honorable Diana L. Van De Car presided.

conduct this colloquy and cannot rebut the presumption of a constitutional violation of Overby's right to testify. However, the State, citing State v. Taylor, 130 Hawai'i 196, 205, 307 P.3d 1142, 1151 (2013), State v. Silva, 78 Hawai'i 115, 890 P.2d 702 (App. 1995), and LaVinge v. State, 812 P.2d 217 (Alaska 1991), claims a two-step plain error analysis requires the defendant to demonstrate a reasonable possibility that the error contributed to his conviction and come forward with an affidavit identifying what relevant testimony would have been presented at trial.

"[I]n order to protect the right to testify under the Hawai'i Constitution, trial courts must advise criminal defendants of their right to testify and must obtain an on-the-record waiver of that right in every case in which the defendant does not testify." Tachibana, 79 Hawai'i at 236, 900 P.2d at 1303. Overby did not testify. The District Court did not conduct an ultimate colloquy required by Tachibana. The failure to conduct an ultimate colloquy alone is sufficient to conclude that Overby's right to testify was violated. Tachibana, 79 Hawai'i at 237-38, 900 P.2d at 1304-05, State v. Pomroy, 132 Hawai'i 85, 92, 319 P.3d 1093, 1100 (2014) (the court need not determine whether the prior-to-trial Tachibana colloquy was sufficient when the ultimate Tachibana colloquy is defective).

The State's arguments regarding the plain error analysis applicable to the ultimate Tachibana colloquy are without merit. In Pomroy, the Hawai'i Supreme Court affirmed its holding in Tachibana, that "Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt." Pomroy, 132 Hawai'i at 94, 319 P.3d at 1102 (quoting Tachibana, 79 Hawai'i at 240, 900 P.2d at 1307). In State v. Joseph, 141 Hawai'i 128, 405 P.3d 654, No. CAAP-16-0000715, 2017 WL 4838116 at *1 (App. Oct. 26, 2017) (mem.), cert. denied, SCWC-16-0000715, 2018 WL 1063888 (Feb. 27, 2018), this court rejected the State's argument that a defendant must demonstrate a reasonable possibility that the error contributed to his conviction and come forward with an affidavit of what relevant testimony would have been made at trial under a

plain error analysis involving the failure to adequately advise a criminal defendant under Tachibana.

"It is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case. The record in this case offers no clue to what [the defendant] would have said, under oath, on the witness stand." Pomroy, 132 Hawai'i at 94, 319 P.3d at 1102 (quoting State v. Hoang, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (2000)). Therefore, the error was not harmless beyond a reasonable doubt. Id.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on May 3, 2017, in the District Court of the Third Circuit, North and South Hilo Division, is vacated and the case is remanded for a new trial.

DATED: Honolulu, Hawai'i, May 18, 2018.

On the briefs:

Justine M. Chmielewski,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

Jared K. Auna,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Associate Judge

Associate Judge